IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BILLY KEITH EVANS | § | |
| v. | § | CIVIL ACTION NO. 6:07cv504 |
| SHERIFF MAXEY CERLIANO, ET AL. | § | |

<u>MEMORANDUM ADOPTING INITIAL REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE</u>

The Plaintiff Billy Evans filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the Gregg County Jail. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Evans sued over an incident which occurred in the Gregg County Jail on December 26, 2006, when Evans stepped out of the shower and fell, breaking his hip. He complained that officers taunted him and that he was not provided with proper medical care.

An evidentiary hearing was conducted on January 28, 2008. Following this hearing, the Magistrate Judge issued a Report recommending that all of the Defendants except for Dr. Brown, the jail physician, be dismissed. The Magistrate Judge ordered Dr. Brown to answer the lawsuit. Evans filed objections to the Magistrate Judge's Report on February 15, 2008.

In his objections, Evans first asserts that Sheriff Cerliano stated at the evidentiary hearing that he had received the letters sent by Evans, which he says proves that the sheriff had knowledge of the situation. However, Sheriff Cerliano did not testify at the evidentiary hearing. This objection is without merit.

Second, Evans testified that Nurse Williamson should not be dismissed from the lawsuit. He says that she testified that a company called X-Ray Express was contacted to come and take X-rays, but that his medical file does not reflect that such a call was placed; he says that he should have been advised of this so that he could have contacted the company and made sure that they were notified, and who made the call to them.

Evans' medical records show that an order was received from Dr. Brown for an X-ray. Nurse Williamson testified that she called a company called X-Ray Express, but that when they did not show up, Evans was transported to the hospital about two hours after he had fallen. Even if Nurse Williamson did not contact the X-ray company at all, as Evans appears to imply, he has not shown that she was deliberately indifferent to his medical needs. This objection is without merit.

Finally, Evans says that if he had been able to call witnesses, he could have presented testimony that Williamson left him on the floor and went and passed out medication to other inmates in the jail, leaving him unattended for long periods of time. Williamson testified that she "stepped away" a few times to see if her instructions were being followed, and it is certainly possible that she may have passed out medications to other inmates when she did so. This does not show that she was deliberately indifferent to Evans, nor has Evans alleged that he suffered any harm as a result of the nurse stepping away from the scene. The Court took Evans' testimony as true and so there was no need to call other witnesses to confirm his statements. This objection is without merit.

The Court has conducted a careful *de novo* review of the pleadings, documents, and testimony in this cause, as well as the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's claims against the Defendants Sheriff Cerliano, Lt. Baggett, Sgt. McFadden, Sgt. Weatherall, Nurse Williamson, Deputy Shawn Brown, and Deputy Curtis be and hereby are DISMISSED as frivolous.  It is further

ORDERED that the dismissal of these claims and parties shall not count as a strike for purposes of 28 U.S.C. §1915(g).  Finally, it is

ORDERED that the dismissal of these claims and parties shall have no effect upon the Plaintiff's claims against Dr. Brown.

**So ORDERED and SIGNED this 31st day of March, 2008.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**